LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
124 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MIGUEL TEJEDA,
*on behalf of himself, FLSA Collective Plaintiffs, and the Class,*

                Plaintiff,

v.

PARK SOUTH HOTEL LLC
    d/b/a COVINA
    d/b/a ROOF AT PARK SOUTH
    d/b/a O YA,

                Defendant.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff MIGUEL TEJEDA ("Plaintiff TEJEDA" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant, PARK SOUTH HOTEL LLC d/b/a COVINA d/b/a ROOF AT PARK SOUTH d/b/a O YA ("Corporate Defendant" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.*, that he and others similarly situated are entitled to recover from

Defendant: (1) unlawfully retained gratuities; (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendant: (1) unlawfully retained gratuities, (2) unpaid tip compensation due to an invalid tip-pooling policy, (3) unpaid wages due to invalid tip credit, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff MIGUEL TEJEDA is a resident of Queens County, New York.

6. Defendant PARK SOUTH HOTEL LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 124 East 28th Street, New York, New York 10016, and an address for service of process at C/O Thomas T. Hecht, P.C., 729 Seventh Avenue 14, New York, New York 10019.

7. Defendant operates three restaurants in New York City as a single integrated enterprise. The names and locations of Defendant's restaurants are:

    i. "Covina" – 127 East 27th Street, New York, New York 10016;

    ii. "Roof at Park South" – 125 East 27th Street, New York, NY 10016; and

    iii. "o ya" – 120 East 28th Street, New York, New York 10016 (collectively, the "Restaurants").

8. The Restaurants are operated by Defendant as a single integrated enterprise. Specifically, they are engaged in related activities, share common ownership, and have a common business purpose:

    a. Attached hereto as **Exhibit A** is a screenshot of Defendant's active liquor license information displayed on the New York State Liquor Authority's publicly available search page, at https://sla.ny.gov/public-license-query. Notably, Defendant PARK SOUTH HOTEL LLC is listed under the "Premises Name," whereas "O YA / COVINA / ROOF @ PARK SOUTH" are collectively listed as Defendant's "Trade Name." Attached hereto as **Exhibit B** is a screenshot taken from the Instagram webpage featuring COVINA Restaurant, https://www.instagram.com/covina_nyc/?hl=en. Attached hereto as **Exhibit C** is a screenshot taken from the main webpage for ROOF AT PARK SOUTH, https://www.roofatparksouth.com/. Attached hereto as **Exhibit D** is a screenshot taken from the Instagram webpage for O YA, https://www.instagram.com/_o_ya_/?hl=en. In **Exhibit B**, the following listed hyperlink, https://www.bit.ly/cushmanconcepts, leads to a GoFundMe webpage, attached hereto as **Exhibit E**. Notably, this GoFundMe webpage prominently and collectively features the logos for COVINA, ROOF AT PARK SOUTH, and O YA just as they respectively appear in **Exhibits B–D**. Attached hereto as **Exhibit F** is an archived webpage, dated February 16, 2020, of the COVINA website, available at https://covinanyc.com, which included the following statement on a

    pop-up screen: "Trying to decide where to host your next dinner party or cocktail reception? Connect to learn more about special events venues and private dining at Covina & o ya NYC & Roof at Park South."

  b. In addition, employees were interchangeable among the Restaurants. During his employment at COVINA, Plaintiff observed that Defendant directed his co-worker, a dishwasher, to perform work at O YA; on another occasion, Plaintiff observed that Defendant directed another co-worker, a busser, to perform work at ROOF AT PARK SOUTH.

9. Although Plaintiff did not work at all of the Restaurants, each of the Restaurants is appropriately named in this Class and Collective Action Complaint through the relevant Corporate Defendant, PARK SOUTH HOTEL LLC, as described above. Because the Restaurants share identical unlawful wage and hour policies, the Restaurants and the relevant Corporate Defendant is properly named on the basis of its outstanding liability to the class members whom Plaintiff seeks to represent.

10. At all relevant times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members was directly essential to the business operated by Defendant.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt tipped employees,

including but not limited to, bussers, food runners, servers, and bartenders, employed by Defendant on or after the date that is six (6) years before the filing of this Class and Collective Action Complaint ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and are similarly subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs their proper wages due to Defendant's improperly deducted tip credit, and illegal retention of gratuities. The claims of Plaintiff as stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all current and former non-exempt tipped employees, including but not limited to, bussers, food runners, servers, and bartenders, employed by Defendant on or after the date that is six (6) years before the filing of this Class and Collective Action Complaint (the "Class," or "Class Members").

17. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from Defendant's records. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determined from Defendant's records. For purposes of notice, and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under FRCP 23.

18. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims that may be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subjected to the same corporate practices of Defendant, including (i) failing to pay proper tip credit, (ii) illegally retaining gratuities, (iii) failing to provide wage statements in compliance with NYLL, and (iv) failing to provide proper wage and hour notices upon hiring and as required thereafter, pursuant to NYLL. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures by Defendant.

20. With regard to Plaintiff and Class Members, Defendant failed to pay them proper wages because Defendant were not entitled to claim any tip credit as Defendant failed to meet

6

the statutory requirements under the NYLL. Plaintiff and Class Members suffered from Defendant's failure to pay proper wages due to Defendant's invalid tip credit allowance because Defendant (i) failed to provide proper tip credit notice at hiring and annually thereafter; (ii) failed to inform Plaintiff and Class Members that the tip credit claimed by Defendant cannot exceed the amount of tips actually received by them; (iii) failed to inform Plaintiff and Class Members that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement; (iv) failed to inform Plaintiff and Class Members that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement; (iv) claimed a tip credit for all hours worked by Plaintiff and Class Members despite having caused Plaintiff and Class Members to engage in non-tipped duties for hours exceeding two (2) hours or twenty percent (20%) of the total hours of their scheduled shifts; (v) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period; and (vi) failed to accurately keep track of daily tips earned and maintain records thereof. Defendant also unlawfully retained cash tips from work performed by Plaintiff and Class Members.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

a. Whether Defendant employed Plaintiff and the Class within the meaning of NYLL;

b. What were and are the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not properly pay Plaintiff and Class Members;

c. At what common rate, or rates subject to common methods of calculation, was and are Defendant required to pay Plaintiff and the Class Members for their work;

d. Whether Defendant properly notified Plaintiff and Class Members of their hourly rates and overtime rates;

e. Whether Defendant provided proper notice to all tipped employees that Defendant was claiming a tip credit;

f. Whether Defendant accurately tracked the amount of tips earned each day and maintained proper records thereof;

g. Whether Defendant caused tipped employees to engage in non-tipped duties exceeding two (2) hours and/or twenty percent (20%) of their scheduled shifts each week;

h. Whether Defendant took the proper amount of tip credit allowance for each payment period under NYLL;

i. Whether Defendant subjected tipped employees to an invalid tip pooling policy;

j. Whether Defendant retained or failed to remit gratuities to Plaintiff and Class Members;

k. Whether Defendant paid Plaintiff and Class Members the proper wage for all hours worked;

l. Whether Defendant provided proper wage statements informing tipped employees of the amount of tip credit taken for each payment period and information required to be provided on wage statements, pursuant to NYLL; and

m. Whether Defendant provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees, per the requirements of NYLL.

## STATEMENT OF FACTS

25. In or around October 2019, Plaintiff TEJEDA was hired by Defendant and/or its predecessors, as applicable, to work as a busboy for Defendant's COVINA Restaurant, located at 127 East 27th Street, New York, New York 10016. Plaintiff worked for Defendant until in or around March 2020. Although Plaintiff worked at COVINA throughout his employment with Defendant, he communicated with co-workers who informed him that Defendant directed them to work at Defendant's other two Restaurants. Specifically, Plaintiff communicated with and observed that a dishwasher for COVINA was directed by Defendant to perform work at O YA; on another occasion, Plaintiff communicated with and observed that another busboy at COVINA was directed by Defendant to perform work on the ROOF AT PARK SOUTH.

26. Throughout his employment with Defendant, Plaintiff was regularly scheduled to work from 8:00 a.m. to 4:00 p.m., five (5) days per week.

27. Throughout his employment with Defendant, Plaintiff TEJEDA was compensated at a base hourly rate of ten dollars ($10.00) an hour.

28. At all relevant times, Plaintiff, FLSA Collective Plaintiffs, and Class Members were paid below the minimum wage at an invalid tip credit minimum wage. Defendant was not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendant (i) failed to properly provide tip credit notice; (ii) failed to inform employees that the tip credit claimed by

Defendant cannot exceed the amount of tips actually received; (iii) failed to inform employees that all tips earned by them are to be retained by them, except pursuant to a valid tip pooling arrangement; (iv) failed to inform employees that a tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement; (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties in excess of two (2) hours or twenty percent (20%) of their scheduled shifts, in violation of NYLL; (vi) failed to accurately track daily tips earned or maintain records thereof; (vii) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL; (viii) failed to provide a proper wage statement with every payment of wages informing Plaintiff and other tipped employees of the amount of tip credit deducted for each payment period, in violation of NYLL; and (ix) illegally retaining gratuities, specifically, by permitting to managers to withhold cash tips earned by Plaintiff, FLSA Collective Plaintiffs, and Class Members.

29. Plaintiff, FLSA Collective Plaintiffs, and the Class were required to dedicate more than two hours or 20% of their working time during their shifts performing non-tipped related activities, such as polishing silverware and glassware, and cleaning the Restaurant. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members were compensated at the tipped credit minimum wage rate, despite the fact that they engaged in non-tipped activities for in excess of two hours or 20% of their scheduled work shifts.

30. Defendant unlawfully retained gratuities by permitting managers to retain cash gratuities. At all relevant times, Defendant maintained a policy of not recording cash tips; in addition, cash tips were kept by managers and not redistributed to Plaintiff, FLSA Collective Plaintiffs, and Class Members. At all relevant times, Defendant failed to maintain tips sheets and

11

failed to inform Plaintiff, FLSA Collective Plaintiffs, and Class Members of the tip pool arrangement, and their respective tip pool contribution.

31. Defendant failed to provide Plaintiff with proper wage notices at hiring and annually thereafter, in violation of NYLL. Similarly, Defendant failed to provide Class Members with proper wage notices at hiring and annually thereafter.

32. Plaintiff and Class Members received wage statements that were not in compliance with NYLL. Defendant was required to provide itemized listings of deductions taken on employee wage statements with each payment of wages. Defendant failed to satisfy this requirement under NYLL because the wage statements provided did not clearly include tip credit allowance for each payment period.

33. Defendant knowingly and willfully operated its business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage, and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiff, FLSA Collective Plaintiffs, and Class Members. Defendant was not entitled to claim any tip credits under FLSA or NYLL.

34. Defendant knowingly and willfully operated its business with a policy of not providing proper wage statements, in violation of NYLL.

35. Defendant failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, in violation of NYLL.

36. Plaintiff retained Lee Litigation Group, PLLC to represent himself, FLSA Collective Plaintiffs, and Class Members in this litigation, and has agreed to pay the firm a reasonable fee for its services.

## **STATEMENT OF CLAIM**

### **COUNT I**

### **VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS**

37. Plaintiff realleges and reavers Paragraphs 1 through 36 of this Class and Collective Action Complaint as if fully set forth herein.

38. At all relevant times, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendant employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

40. At all relevant times, Defendant had gross annual revenues in excess of $500,000.

41. At all relevant times, Defendant had a policy and practice of illegally retaining gratuities.

42. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

44. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

45. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages, in an amount not presently ascertainable, of illegally retained gratuities, plus an equal amount as liquidated damages.

46. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW
### ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

47. Plaintiff realleges and reavers Paragraphs 1 through 46 of this Class and Collective Action Complaint as if fully set forth herein.

48. At all relevant times, Plaintiff and Class Members were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

49. Defendant willfully violated Plaintiff and Class Members' rights by failing to pay them the statutory minimum wage and proper overtime premium for their lawful hours worked. Defendant were not entitled to claim any tip credits.

50. At all relevant times, Defendant had a policy and practice of illegally retaining gratuities.

51. Defendant knowingly and willfully operated its business with a policy of not providing proper wage statements as required under NYLL. Defendant was required to provide itemized listings of deductions taken on each wage statement. Defendant failed to satisfy the

requirements under NYLL because such tip credit allowances were not included in tipped employees' wage statements.

52. Defendant knowingly and willfully operated its business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under NYLL.

53. Due to Defendant's NYLL violations, Plaintiff and Class Members are entitled to recover from Defendant: unpaid wages, illegally retained gratuities, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and NYLL, including those due to Defendant's unlawful retention of gratuities;

d. An award of unpaid wages due under NYLL, including those due to an invalid tip credit;

e.  An award of liquidated and/or punitive damages due under 29 U.S.C. § 216 as a result of Defendant's willful failure to pay proper wages;

f.  An award of liquidated and/or punitive damages due under NYLL as a result of Defendant's willful failure to pay proper wages;

g.  An award of prejudgment and postjudgment interest, costs and expenses of this action, together with reasonable attorneys' and expert fees and statutory penalties;

h.  Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

i.  Designation of this action as a class action pursuant to FRCP 23;

j.  Designation of Plaintiff as Representative of the Class; and

k.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 15, 2021

                Respectfully submitted,

              By: */s/ C.K. Lee*
                    C.K. Lee, Esq.

                    LEE LITIGATION GROUP, PLLC
                    C.K. Lee (CL 4086)
                    Anne Seelig (AS 3976)
                    124 West 24th Street, Eighth Floor
                    New York, NY 10011
                    Tel.: 212-465-1188
                    Fax: 212-465-1181
                    *Attorneys for Plaintiff,*
                    *FLSA Collective Plaintiffs, and the Class*